**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| arrivia Incorporated, et al., | No. CV-23-01039-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| John Rowley, et al., | |
| Defendants. | |

Pending before the Court are Defendants' motion for attorneys' fees and expenses pursuant to A.R.S. §§ 12-341 and 12-341.01 (Doc. 47) and Plaintiffs' motion for attorneys' fees pursuant to Fed. R. Civ. P. 11(c)(2) (Doc. 48). Both motions are fully briefed.[1] (Docs. 47–52.) For the following reasons, Defendants' motion is denied, and Plaintiffs' motion is granted in part.

**I.   Background**

In June 2023, Plaintiffs arrivia, Inc. ("arrivia") and Panda Holdco LLC ("Panda") sued Defendants John Rowley, Marcia Rowley, and Open Network Exchange, Inc. ("ONE") for (1) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, (2) violation of the Arizona Uniform Trade Secrets Act ("AUTSA"), A.R.S. § 44-401 *et seq.*, and (3) unjust enrichment. (Doc. 8.) Plaintiffs also sued the Rowleys for two claims

---

[1] Plaintiffs' request for oral argument is denied because the issues are adequately briefed, and oral argument will not assist the Court in reaching its decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

of breach of contract. Defendants subsequently filed two motions: (1) a motion to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure, and (2) a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

On November 8, 2023, the Court granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' DTSA, AUTSA, and unjust enrichment claims; construed Defendants' Rule 12(b)(3) motion as a *forum non conveniens* motion and granted the motion to dismiss Plaintiffs' complaint without prejudice to the remaining claims (*i.e.*, the contract claims) being refiled in the Delaware Court of Chancery; and, last, denied Defendants' Rule 11 motion for sanctions. (Doc. 44.)

In its order (Doc. 44), the Court made the following findings: First, as to Plaintiffs' DTSA and AUTSA claims, the Court found that Plaintiffs had released these claims via a Settlement Agreement ("Settlement"). The Court concluded that the continued use or disclosure of a trade secret after a defendant's initial misappropriation of that trade secret constitutes a "single claim of misappropriation" accruing at the time of the initial misappropriation. Thus, Defendants' alleged initial misappropriation before the Settlement and their alleged continued misappropriation after the Settlement constituted a single claim, which, in turn, was known or unknown by Plaintiffs as of the effective date of the Settlement. In other words, Plaintiffs had released their DTSA and AUTSA claims. And for similar reasons, the Court also found that Plaintiffs had released their unjust enrichment claim.

As to Plaintiffs' remaining breach of contract claims against the Rowleys, the Court found the forum-selection clause contained in the Settlement to be enforceable and that the public interest factors did not weigh against the clause's enforcement. Accordingly, the Court dismissed these contracts claims without prejudice to Plaintiffs refiling them in Delaware Court of Chancery.

Last, Defendants' Rule 11 motion for sanctions asserted that Plaintiffs brought frivolous claims and initiated the action in bad faith. The Court disagreed, finding the law

unsettled regarding whether an initial misappropriation and a continuing misappropriation of a trade secret constitutes a single claim for the purpose of enforcing a contractual release of claims. Though ultimately unsuccessful, Plaintiffs presented a good-faith argument as to why their trade secrets claims were not released by way of the Settlement. The Court also found no evidence that Plaintiffs brought the action in bad faith.

Pending now, Plaintiffs and Defendants have each filed motions for attorneys' fees. Defendants seek $164,890.50 in attorneys' fees and $711.20 in expenses pursuant to A.R.S. §§ 12-341.01 and 12-341. (Doc. 47), and Plaintiffs seek $72,014.00 in attorneys' fees pursuant to Fed. R. Civ. P. 11(c)(2) (Doc. 48). The Court addresses each motion in turn.

## II. Defendants' Motion for Fees and Costs

A.R.S. § 12-341.01(A) provides that "[i]n any contested action arising out of a contract, express or implied, the [C]ourt may award the successful party reasonable attorney fees[,]" and A.R.S. § 12-341 provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred." Defendants contend they are eligible for an award of fees and expenses because they successfully defended against Plaintiffs' contract claims as well as Plaintiffs' tort claims, which Defendants assert were "interwoven" with the contract claims. (Doc. 47 at 3–4.)

### A. Attorneys' Fees Pursuant to A.R.S. § 12-341.01(A)

The Court turns first to Defendants' request for attorneys' fees. Plaintiffs argue that Defendants are contractually prohibited from recovering attorneys' fees because both the Settlement and the Rowleys' Restrictive Covenant Agreement with Plaintiffs ("Restrictive Covenant")—which Plaintiffs sought to enforce through their contract claims—preclude such an award. Plaintiffs note that A.R.S. § 12-341.01(a) is inapplicable when it conflicts with contractual provisions governing attorneys' awards. (Doc. 50 at 3–5.) Plaintiffs then direct the Court's attention to the Settlement, which provides:

> All parties agree that each of them shall be solely responsible for paying their own respective fees, costs and expenses – including attorney's fees, expert consultant fees, and outside vendor fees – incurred in connection with the negotiation or preparation of this Settlement Agreement or in connection with any of the disputes being resolved by this Agreement or *in*

- 3 -

> *connection with the performance of any party's obligations set forth in this Settlement Agreement.*

(Doc. 8-4 at 9 (emphasis added).) Plaintiffs also point to the Restrictive Covenant,[2] which states that "in no event shall [Plaintiffs] have any liability for [the Rowleys'] legal fees or costs in pursuit of the enforcement of this Agreement." (Doc. 8-1 at 5.)

The Court agrees with Plaintiffs that Defendants[3] are ineligible for an award of attorneys' fees under A.R.S. § 12-341.01(A). The statute, which allows for a discretionary award of attorneys' fees, makes clear that "[t]his section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees." Moreover, Arizona courts have held that "§ 12-341.01 is inapplicable by its terms if it effectively conflicts with an express contractual provision governing recovery of attorney's fees." *Am. Power Prod., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 604 (Ariz. 2017); *see also Jordan v. Burgbacher*, 883 P.2d 458, 466 (Ariz. Ct. App. 1994).

Here, both the Settlement and Restrictive Covenant contain express contractual provisions governing attorneys' fees and, more specifically, precluding such an award. "When, as here, a contractual provision expressly prohibits parties from collecting attorney fees, § 12-341.01 does not apply and a court does not have discretion to award attorney fees under that statute." *Public Constr., Inc. v. City of Tucson*, No. 2 CA-CV 2020-0165, 2021 WL 4868352, at *8 (Ariz. Ct. App. Oct. 19, 2021).

Defendants contend that the Settlement's provision regarding fees and costs "does not speak to who is entitled to fees in an action that was initiated in breach of the Settlement Agreement's releases, covenant not to sue, and forum selection provision" but rather "encompasses the fees incurred in performing the tasks each party agreed to undertake as

---

[2] The Settlement provides that the Rowley's Restrictive Covenant with Plaintiffs "shall remain in full force and effect . . . as if fully restated herein." (Doc. 8-4 at 6.)

[3] Both the Rowleys and ONE invoke § 12-341.01(A) for an award of attorneys' fees. Yet, Plaintiffs did not file any breach of contract claims against ONE, nor was ONE a signatory to the Settlement or Restrictive Covenant. Defendants' argument for why ONE is eligible for attorneys' fees under § 12-341.01(A) is premised on their assertion that the DTSA and AUTSA claims are tort claims "interwoven" with the contract claims. However, as explained below, because the Rowleys' claim for attorneys' fees under § 12-341.01(A) fails, ONE's claim necessarily also fails.

- 4 -

part of the Settlement Agreement—*i.e.*, filing a joint stipulation of dismissal[]; delivering written consent to amend the Securityholder Agreement[]; delivering the Termination Agreement;" et cetera. (Doc. 51 at 3–4.) The Court is not persuaded.

As noted, the Settlement states that "[a]ll parties agree that each of them shall be solely responsible for paying their own . . . attorney's fees . . . in connection with the performance of any party's obligations set forth in this Settlement." Contrary to Defendants' assertion, the "obligations set forth in the Settlement" expressly encompass the "Rowleys' non-compete obligations" as well as their "non-solicitation, non-interference, non-disparagement, and confidentiality obligations[,]" all of which Plaintiffs' contract claims were based on. (Doc. 8-4 at 5–6.) It is clear, then, that because Plaintiffs' breach of contract claims arise from and are in connection with Defendants' performance of their obligations under the Settlement, Defendants are to bear their own attorneys' fees.

In short, the Court finds Defendants ineligible for an award of attorneys' fees under A.R.S. § 12-341.01(A) and therefore denies Defendants' request.

**B.  Costs Pursuant to A.R.S. § 12-341**

The Court now turns to Defendants' request for costs pursuant to A.R.S. § 12-341. The Court begins by noting the distinction between taxable and nontaxable costs. "Under Arizona law, taxable costs that can be recovered pursuant to A.R.S. § 12-341 are limited, by A.R.S. § 12-332, to 'expenses incurred for witness fees, deposition expenses, certified copies, surety expenses, and other costs incurred pursuant to an agreement between the parties.'" *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV 11-0965-PHX-JAT, 2012 WL 2798653, at *8 (D. Ariz. July 9, 2012) (quoting *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107 (Ariz. 1999)). To claim taxable expenses, a claimant must strictly comply with Local Rule of Civil Procedure 54.1(a), which requires a party to file with the Clerk of the Court a Bill of Costs within fourteen days after entry of judgment. *See Felix v. Pic-N-Run, Inc.*, No. CV 09-8015-PCT-JAT, 2012 WL 551645, at *5 (D. Ariz. Feb. 21, 2012). Defendants have neither filed a Bill of Costs nor requested an extension of time to file a Bill of Costs. Accordingly, Defendants cannot claim taxable expenses. *See*

*Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 482 (D. Ariz. 2019) ("Plaintiff's failure to strictly comply with the requirements of Fed. R. Civ. P. 54(d) and LRCiv 54.1 is fatal to his request for taxable costs.").

Defendants also cannot claim nontaxable costs. "Unless provided for by statute, nontaxable costs are generally not recoverable." *Travelers*, 2012 WL 2798653, at *8. A.R.S. § 12-341 does not allow recovery of nontaxable expenses, and Defendants do not identify an alternative basis that would allow such recovery. *See Felix*, 2012 WL 551645, at *4 n. 4 ("[A]ll of [the] costs . . . Defendants have requested are nontaxable under Arizona law and not recoverable pursuant to A.R.S. § 12-341."). What's more, Defendants neither distinguish between their taxable and nontaxable costs nor argue how they are entitled to an award for each identified cost.[4] Defendants' request for costs under § 12-341 is denied.

**III. Plaintiffs' Motion for Attorneys' Fees**

**A. Entitlement to an award of fees**

Plaintiffs seek an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 11(c)(2), which states that "[i]f warranted, the [C]ourt may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11 sanctions] motion." The Advisory Committee's notes to the 1993 Amendment to Rule 11 provide:

> [Rule 11 motions] should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; . . . to emphasize the merits of a party's positions[;] . . . to intimidate an adversary into withdrawing contentions that are fairly debatable, [or] to increase the costs of litigation.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

Awarding attorneys' fees to a party that has defeated a Rule 11 sanctions motions is a matter squarely within the Court's discretion. Merely defeating a Rule 11 motion does not necessarily warrant an award of attorneys' fees. Rather, the Court may award fees

---

[4] Defendants provided an "Itemized Statement of Expenses," which vaguely identifies following expenses: counsel's pro hac vice application; data hosting charges; counsel's "out-of-town travel" ticket; color photocopying; a delivery charge; a Westlaw charge; and a Pacer Service charge. Defendants provide no further explanation. (Doc. 47-3 at 18.)

where a Rule 11 motion "was either filed in bad faith/ for nefarious reasons, not grounded in law or fact, or filed for an obviously improper purpose." *Bailey v. Pride Mfg. Co., LLC*, No. 1:13-cv-00051-EJL-REB, 2014 WL 12607715, at *2 (D. Idaho Apr. 21, 2014).

Here, Defendants' Rule 11 motion was not grounded in law or fact. Defendants accused Plaintiffs of filing frivolous claims and initiating this action in bad faith. Specifically, Defendants asserted that it was frivolous for Plaintiffs to assert DTSA and AUTSA claims in light of the Settlement, which released Defendants from liability for claims known or unknown at the execution of the agreement. (Doc. 34.) The Court disagreed.

Although Plaintiffs had indeed released their trade secrets claims, the law in this area—*i.e.*, whether executing a release of claims releases a party from liability for their future misappropriation of a trade secret—was not clearly settled. The Court noted that both Plaintiffs *and* Defendants relied on persuasive—but not binding—authority to support their respective positions. And despite being unable to point to binding precedent establishing their own position, Defendants filed a motion—separate from and in addition to their Rule 12(b)(6) motion to dismiss—to assert that Plaintiffs' claims were legally baseless. Indeed, Defendants' motion merely restated many of the same arguments they made in their motion to dismiss. Defendants did not point to any authority clearly establishing the frivolity of Plaintiffs' claims. What's more, Defendants accused Plaintiffs of bad faith, yet failed to identify even single instance in the record that would support such a finding.

Given the sophistication of Defendants' counsel, Defendants should have realized that the viability of Plaintiffs' claims was fairly debatable and that Rule 11 sanctions were not warranted in this case. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987) ("The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are

far from enchanted with such abusive conduct.").[5] Accordingly, the Court will grant Plaintiffs their reasonable attorneys' fees pursuant to Rule 11(c)(2).

### B. Reasonableness of the requested award

Plaintiffs are only entitled to *reasonable* attorneys' fees incurred for responding to Defendants' Rule 11 motion for sanctions. A reasonable award for attorneys' fees can be calculated using the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The Court may then adjust that figure based on an evaluation of the *Kerr* factors.[6] *Id.* at 363–64. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 433. Once the prevailing party satisfies its burden, an opposing party must identify with particularity the billing entries that are unreasonable. *See Billion Motors, Inc. v. 5 Star Auto Grp.*, No. 8:19-cv-00945-SVW, 2020 WL 8373396, at *1 (C.D. Cal. Dec. 17, 2020).

Plaintiffs seek an award of $72,014.00. Plaintiffs assert this sum represents reasonable attorneys' fees incurred for the successful defeat of Defendants' motion for

---

[5] Indeed, Defendants' "hardball litigation technique" is on display even in their response to Plaintiffs' request for attorneys' fees. At the very start of their response, Defendants' counsel writes: "Plaintiffs have the gall to ask this Court to reward them for their improper and wasteful behavior. This case was meritless, and Plaintiffs knew it was meritless." (Doc. 49 at 2.) These statements are inaccurate, unpersuasive, and needlessly impertinent.

[6] The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales*, 96 F.3d at 363 n.8.

- 8 -

sanctions. (Doc. 48.) Defendants do not dispute the reasonableness of the hourly rates submitted by Plaintiffs' counsel (ranging from $250.00/hour for an associate to $790.00/hour for a partner). Instead, Defendants object to Plaintiffs' time entries. Defendants' objections fall into three categories. First, Defendants assert that Plaintiffs are not entitled to fees incurred in connection with the Court's mandatory conferral process. Second, Defendants assert that many of Plaintiffs' time entries are for duplicative work, which occurred frequently because Plaintiffs' counsel overstaffed this particular issue. And third, Defendants contend that Plaintiffs submitted block-billed entries, which warrant a reduction in Plaintiffs' award. (Doc. 49.) The Court agrees with all three objections.

At a glance, an award of $72,014.00 in attorneys' fees for researching, drafting, and filing a single response brief—17 pages in length—appears unreasonable. Indeed, a closer look at counsel's billing entries confirms this. Plaintiffs were represented by two firms: Kirkland & Ellis LLP ("K&E") and Osborn Maledon, P.A. ("OM"). Plaintiffs assert that, across both firms, 8 attorneys (5 partners and 3 associates) and 3 paralegals expended 178 hours to successfully defend against Defendants' Rule 11 motion. (*See* Docs. 48-2, 48-3.) How counsel can justify billing 178 hours to their client for filing this single response brief—a brief which (1) restates many of same arguments Plaintiffs made in their opposition brief to Defendants' motion to dismiss (*see* Doc. 29) and (2) involved no oral argument—is beyond grasp. This sum of hours is unreasonable, and the Court has serious doubts that these firms would indeed pass off such a bill to their clients for work on this single brief. *See Navarro v. General Nutrition Corp.*, No. C-03-0603SBAEMC, 2004 WL 2648373, at *9 (N.D. Cal. Nov. 19, 2004) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary.").

Turning specifically to the billing entries Plaintiffs have submitted: The Court agrees with Defendants that Plaintiffs are not entitled to attorneys' fee for participating in the conferral process. Defendants highlight five entries, totaling 7.3 hours and $4,387.00 in fees, related to the meet and confer. (Doc. 49–1.) Given that the conferral process is mandatory, Plaintiffs would have incurred these fees regardless of whether Defendants

ended up filing their Rule 11 motion. "[T]he weight of authority from other Ninth Circuit district courts have concluded that fees associated with the meet and confer process generally should not be included in a fee award." *Laub v. Horbaczewski*, No. CV 17-6210-JAK, 2020 WL 10817057, at *8 (C.D. Cal. Jan. 27, 2020); *see also Hung Nguyen v. Regents of the Univ. of Cal.*, No. 8:17-cv-00423-JVS-KES, 2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018) (surveying cases). Even if Defendants' meet and confer participation was frustrating and unsatisfactory, there are no exceptional circumstances here—such as, for instance, Defendants wholly ignoring the meet and confer process—to warrant an award of fees incurred in the conferral process. *See id.*

Defendants only seek to have five of Plaintiffs' entries related to the meet and confer process reduced from the total award (*see* Doc. 49–1), but the Court finds that additional entries relate to the conferral process and therefore should be excluded. Though the parties met and conferred on June 16, 2023, the parties continued to correspond and "confer" with one another regarding the potential Rule 11 motion up until July 13, 2023, when Defendants served Plaintiffs with their Rule 11 motion for sanctions, thus initiating the 21-day safe harbor period. As such, the Court finds that any entries prior to July 13, 2023, constitute attorneys' fees expended as part of the conferral process and thus will be reduced from Plaintiffs' award. (*See* Docs. 48-2 at 7; 48-3 at 26–27.) In total, there are 24 entries (16 entries for K&E and 8 entries for OM) related to the conferral process. These 24 entries total 31.1 hours and, based on each attorney's billing rate, $15,721.50 in fees.[7] Accordingly, $15,721.50 will be reduced from Plaintiffs' award.

The Court also agrees with Defendants that Plaintiffs seek an award for duplicative work. "[E]xcessive, redundant, or other unnecessary" hours should be excluded from a fee award. *Hensley*, 461 U.S. at 434. Here, Plaintiffs' entries indicate that 7 attorneys billed for "reviewing" Defendants' Rule 11 motion, 7 different attorneys billed for "reviewing and revising" Plaintiffs' opposition brief, and 5 attorneys billed for "reviewing"

---

[7] For K&E, the entries dated from 6/15/2023 through 6/28/2023 were reduced from Plaintiffs' award. (Doc. 48-3 at 26–27.) For OM, the entries dated from 6/16/2023 through 6/28/2023 were reduced from Plaintiffs' award. (Doc. 48-2 at 7.)

- 10 -

Defendants' reply brief. Clearly, Plaintiffs' counsel overstaffed the matter, resulting in redundancies and inefficiency.

That said, because Plaintiffs' counsel also submitted block-billed entries—*i.e.*, multiple tasks for a single time entry—in contravention of LRCiv 54.2(e)(1)(B), the Court is unable to discern the specific amount of time spent on redundant tasks versus non-redundant tasks within the same block. For instance, on July 25, 2023, Attorney Lehr billed 7.40 hours and $2,072.00 in fees for the following: "Review proposed motion for sanctions; research re authority and cases cited in motion for sanctions; draft background section in motion for sanctions; conference with K. Lencioni re same." (Doc. 28-3 at 28.) It is for entries like these that the Local Rules require an "itemized account" of the "time devoted to each individual unrelated task performed." LRCiv 54.2(e)(1)(B).

Given that Plaintiffs' counsel overstaffed this specific matter and submitted block-billed time entries that involves redundant work, the Court will apply a one-third reduction to every block-billed time entry. *See Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce the hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (noting that district court has discretion to reduce fee award if "case was overstaffed, and hours are duplicated").

In sum, the Court finds that the hourly billing rates charged by K&E and OM attorneys and their staff to be reasonable. After the Court's discretionary deduction of hours not reasonably expended, the Court's calculation of the lodestar figure is as follows:

| **Professional** | **Hourly Rate** | **Hours Expended** | **Total** |
|---|---|---|---|
| D. Rosenbaum | $790 | 6.26 | $4,945.40 |
| G. Cutri | $790 | 2.40 | $1,896.00 |
| M. Roth | $790 | 6.80 | $5,372.00 |
| J. Roth | $540 | 4.56 | $2,462.40 |

| | | | |
|---|---|---|---|
| K. Lencioni | $520 | 22.96 | $11,939.20 |
| M. Lehr | $280 | 37.35 | $10,458.00 |
| T. Leahy | $250 | 14.56 | $3,640.00 |
| A. Haynes | $250 | 5.03 | $1,257.50 |
| B. Fahey-Burke | $190 | 2.50 | $475.00 |
| K. Demmler | $175 | 3.27 | $572.25 |
| C. VanDam | $175 | 7.40 | $1,295.00 |

**TOTAL LODESTAR FIGURE:**         **$44,312.75**

As noted, once the lodestar figure has been calculated, the Court may adjust that figure based on an evaluation of the *Kerr* factors. There are two factors that warrant an adjustment downward of Plaintiffs' award: (1) the novelty and difficulty of the questions presented and (2) awards in similar actions. First, as briefly noted above, Plaintiffs' opposition brief to Defendants' Rule 11 motion (Doc. 30) restates many of the same arguments made in Plaintiffs' opposition brief to Defendants' motion to dismiss (Doc. 29). Plaintiffs relied on the same case law to argue that their claims were plausible and that their claims were not frivolous. Indeed, Plaintiffs even acknowledge as such, stating that "[t]he questions presented in the motion for sanctions were intertwined with the underlying claims in Plaintiffs' Complaint for misappropriation of trade secrets and breach of the Settlement Agreement between Plaintiffs and the Rowleys." (Doc. 48 at 10.) Thus, although the issues underlying the motion to dismiss may have been novel and difficult, Plaintiffs would have been required to research this area of the law irrespective of whether Defendants filed their Rule 11 motion.

Second, in recent cases where district courts have awarded a party their attorneys' fees for successfully defending against a Rule 11 motion, the courts have awarded a fraction of the amount Plaintiffs seek here. *See e.g.*, *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JHW-SP, 2023 WL 4295255, at *7 (C.D. Cal. May 9, 2023) (awarding

$20,970.75 in fees); *Vanliner Ins. Co. v. Dermargosian*, No. 3:12-CV-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Jan. 14, 2021) (awarding $1,066.00 in fees for 5.2 hours of work); *Williamson v. Basco*, No. 06-00012 JMS-LEK, 2008 WL 954173, at *2 (D. Haw. Apr. 3, 2008) (awarding $776.96 in fees for 5.3 hours of work).

Accordingly, given the considerable overlap in work between Plaintiffs' response to the motion to dismiss and their response to the Rule 11 motion for sanctions and given that awards in similar case are considerably less than the lodestar amount calculated here, the Court reduces the lodestar amount by one third, bringing Plaintiffs' award to a sum of $29,541.83.

**IT IS SO ORDERED** that Defendants' Motion for Attorneys' Fees and Expenses (Doc. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees (Doc. 48) is **GRANTED IN PART**. Plaintiffs are awarded reasonable attorneys' fees in the amount of $29,541.83 against Defendants.

Dated this 14th day of June, 2024.

Douglas L. Rayes
United States District Judge